UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:13CV-01155-HBB

**DEBORAH JEAN PRICE**                                                                                              **PLAINTIFF**

**VS.**

**CAROLYN W. COLVIN,**
**Commissioner of Social Security**                                                                       **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

BACKGROUND

Before the Court is the *pro se* complaint (DN 1) of Deborah Jean Price ("Plaintiff") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Both the Plaintiff (DN 12) and Defendant (DN 16) have filed a Fact and Law Summary. Additionally, Plaintiff has submitted additional medical records and a reply memorandum in support of her position (DN 14, 15, 17, 18).

Pursuant to 28 U.S.C. § 636(c) and Fed.R.Civ.P. 73, the parties have consented to the undersigned United States Magistrate Judge conducting all further proceedings in this case, including issuance of a memorandum opinion and entry of judgment, with direct review by the Sixth Circuit Court of Appeals in the event an appeal is filed (DN 11). By Order entered February 11, 2014 (DN 10), the parties were notified that oral arguments would not be held unless a written request therefor was filed and granted. No such request was filed.

FINDINGS OF FACT

On September 4, 2012, Plaintiff protectively filed applications for Disability Insurance Benefits and Supplemental Security Income Benefits (Tr. 10, 206-209, 210-215, 224). Plaintiff alleged that she became disabled on December 6, 2010 as a result of coronary artery disease, peripheral artery disease, chronic obstructive pulmonary disease, post-traumatic stress disorder, major depressive disorder, borderline personality disorder, diabetes, high blood pressure, high cholesterol, spinal stenosis, degenerative disc disease, and seasonal allergies (Tr. 10, 206, 210, 229-230). Administrative Law Judge William C. Zuber ("ALJ") conducted a hearing on June 19, 2013, in Louisville, Kentucky (Tr. 10, 25-27). Plaintiff was present and represented by attorney Greg Marks (Tr. 10, 25-27). Also present and testifying was Robert G. Piper, an impartial vocational expert (Tr. 10, 25-27).

In a decision dated July 5, 2013, the ALJ evaluated this adult disability claim pursuant to the five-step sequential evaluation process promulgated by the Commissioner (Tr. 10-21). The ALJ determined that Plaintiff's insured status expires on December 31, 2015 (Tr. 12). At the first step, the ALJ found Plaintiff has not engaged in substantial gainful activity since December 6, 2010, the alleged onset date (Tr. 12). At the second step, the ALJ determined that Plaintiff's degenerative disc disease, coronary artery disease and hypertension, obesity, diabetes, peripheral neuropathy, chronic obstructive pulmonary disease ("COPD"), fibromyalgia, depression, anxiety, cluster B traits, and alcohol and cannabis abuse are "severe" impairments within the meaning of the regulations (Tr. 12). Notably, at the second step, the ALJ also determined that Plaintiff's ocular hypertension is a "non-severe" impairment within the meaning of the regulations (Tr. 12-13). At

2

the third step, the ALJ concluded that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in Appendix 1 (Tr. 13-15).

At the fourth step, the ALJ found Plaintiff has the residual functional capacity to perform less than a full range of sedentary work because she should avoid exposure to dust, fumes, gas, and odors; she is limited to simple, unskilled, routine work, that is not fast paced or quota driven; she is limited to casual, non-confrontational contact with coworkers and supervisors; she should not have contact with the general public; any changes in the work environment and work routine should be rare and gradually introduced; and she is capable of sustaining concentration, persistence and pace for two hour periods (Tr. 15). The ALJ found that Plaintiff is unable to perform any of her past relevant work because it is considered semi-skilled and she is limited to unskilled work (Tr. 19).

The ALJ proceeded to the fifth step where he considered Plaintiff's residual functional capacity, age, education, and past work experience as well as testimony from the vocational expert (Tr. 19-20). The ALJ found that Plaintiff is capable of performing a significant number of jobs that exist in the national economy (Tr. 19-20). Therefore, the ALJ concluded that Plaintiff has not been under a "disability," as defined in the Social Security Act, from December 6, 2010 through July 5, 2013, the date of the decision (Tr. 20-21).

Plaintiff timely filed a request for the Appeals Council to review the ALJ's decision (Tr. 6). The Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-3).

CONCLUSIONS OF LAW

The Social Security Act authorizes payment of Disability Insurance Benefits and Supplemental Security Income to persons with disabilities. 42 U.S.C. §§ 401 et seq. (Title II

Disability Insurance Benefits), 1381 et seq. (Title XVI Supplemental Security Income). The term "disability" is defined as an

> [i]nability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve (12) months.

42 U.S.C. §§ 423(d)(1)(A) (Title II), 1382c(a)(3)(A) (Title XVI); 20 C.F.R. §§ 404.1505(a), 416.905(a); Barnhart v. Walton, 535 U.S. 212, 214 (2002); Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990).

The Commissioner has promulgated regulations setting forth a five-step sequential evaluation process for evaluating a disability claim. See "Evaluation of disability in general," 20 C.F.R. §§ 404.1520, 416.920. In summary, the evaluation proceeds as follows:

1) Is the claimant engaged in substantial gainful activity?

2) Does the claimant have a medically determinable impairment or combination of impairments that satisfies the duration requirement and significantly limits his or her ability to do basic work activities?

3) Does the claimant have an impairment that meets or medically equals the criteria of a listed impairment within Appendix 1?

4) Does the claimant have the residual functional capacity to return to his or her past relevant work?

5) Does the claimant's residual functional capacity, age, education, and past work experience allow him or her to perform a significant number of jobs in the national economy?

Here, the ALJ denied Plaintiff's claim at the fifth step.

As previously mentioned, the Appeals Council denied Plaintiff's request for review of the ALJ's decision (Tr. 1-3). At that point, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. §§ 404.955(b), 404.981, 422.210(a); see 42 U.S.C. § 405(h) (finality of the Commissioner's decision).

Review by the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. Section 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Cotton, 2 F.3d at 695 (quoting Casey v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6th Cir. 1993)). In reviewing a case for substantial evidence, the Court "may not try the case *de novo*, nor resolve conflicts in evidence, nor decide questions of credibility." Cohen v. Sec'y of Health & Human Servs., 964 F.2d 524, 528 (6th Cir. 1992) (quoting Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1984)).

Plaintiff has submitted new evidence to support her challenge to the final decision of the Commissioner (DN 12, 14, 15, 17, 18). The Court cannot consider this new evidence in deciding whether to uphold, modify, or reverse the final decision of the Commissioner. Cline v. Comm'r of Soc. Sec., 96 F.3d 146, 148 (6th Cir. 1996); Cotton v. Sullivan, 2 F.3d 692, 695-696 (6th Cir. 1993). However, the Court can consider this the new evidence for the limited purpose of determining whether a pre-judgment remand, under sentence six of 42 U.S.C. Section 405(g), is appropriate. Cline, 96 F.3d at 148; Faucher v. Sec'y of Health & Human Servs., 17 F.3d 171,

174-175 (6th Cir. 1994). Unfortunately, a prejudgment remand is not appropriate here because the new evidence addresses developments in Plaintiff's health after the ALJ rendered his decision on July 5, 2013. Sizemore v. Sec'y of Health & Human Servs., 865 F.2d 709, 711-12 (6th Cir. 1988) (per curiam). Certainly, Plaintiff is free to file new applications for benefits and submit this new medical evidence in support of those applications.

Plaintiff disagrees with Finding Nos. 2 and 7 because she believes her disability date should be "changed to 1974 or 1975, the year of the rape!" (DN 12, Memorandum at Pages 1 and 3). Essentially, Plaintiff is now second guessing her earlier decision to allege December 6, 2010 as the date her disability began (Tr. 223, 230). The Court cannot change the alleged onset of disability date because the Court is limited to determining whether the findings set forth in the final decision of the Commissioner are supported by "substantial evidence," 42 U.S.C. Section 405(g); Cotton v. Sullivan, 2 F.3d 692, 695 (6th Cir. 1993); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 683 (6th Cir. 1992), and whether the correct legal standards were applied. Landsaw v. Sec'y of Health & Human Servs., 803 F.2d 211, 213 (6th Cir. 1986).

Next, Plaintiff disagrees with Finding No. 3 because it fails to list all of her medical conditions (DN 12, Fact and Law Summary and Memorandum at Page 1). Finding No. 3 addresses the second step in the sequential evaluation process (Tr. 12).

A claimant must demonstrate she has a "severe" impairment. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); Higgs v. Bowen, 880 F.2d 860, 863 (6th Cir. 1988) (per curiam). To satisfy this burden, the claimant must show she suffers from a "medically determinable" physical or mental condition that satisfies the duration requirement (20 C.F.R. §§ 404.1509, 416.909) and "significantly limits" her ability to do one or more basic work activities. 20 C.F.R. §§ 404.1520(a)(4)(ii) and (c), 416.920(a)(4)(ii) and (c); Social Security Ruling 96-3p;

Social Security Ruling 96-4p; Higgs, 880 F.2d at 863. Alternatively, the claimant must show she suffers from a combination of impairments that is severe and meets the duration requirement. 20 C.F.R. § 404.1520(a)(4)(ii) and (c).

The undersigned finds it unnecessary to decide whether the ALJ erred in failing to find these additional impairments are severe within the meaning of the regulations. According to the regulations, upon determining that a claimant has at least one severe impairment, an Administrative Law Judge must continue with the remaining steps in the disability evaluation outlined above. 20 C.F.R. §§ 404.1520(a)(4)(ii) and (c), 416.920(a)(4)(ii) and (c). Here, the ALJ found that Plaintiff suffered from a number of severe impairments (Tr. 12). Accordingly, the ALJ continued with the remaining steps in the disability determination. Because the ALJ could and did consider the limitations imposed by these other impairments in determining whether she retained sufficient residual functional capacity to allow her to return to her past relevant work and to other jobs in the national economy (Tr. 15-20), the ALJ's failure to find that these additional impairments are "severe" within the meaning of the regulations could not constitute reversible error. Maziarz v. Sec'y of Health & Human Servs., 837 F.2d 240, 244 (6th Cir. 1987).

Next, Plaintiff disagrees with Finding No. 4 (DN 12, Fact and Law Summary and Memorandum at Pages 1-2). This finding addresses the third step in the sequential evaluation process (Tr. 13-15). Essentially, Plaintiff identifies a number of physical and mental impairments that she believes are disabling (DN 12, Fact and Law Summary and Memorandum at Pages 1-2).

At the third step, a claimant has the burden of demonstrating she has an impairment that meets or medically equals a listing in Appendix 1. See, 20 C.F.R. §§ 404.1520(d), 416.920(d); Burgess v. Sec'y of Health & Human Servs., 835 F.2d 139, 140 (6th Cir. 1987). To meet a listing in Appendix 1, the medical records regarding the impairment must satisfy both the diagnosis and

severity requirements for the listing. Social Security Ruling 96-5p; 20 C.F.R. §§ 404.1525(d), 416.925(d); Hale v. Sec'y of Health & Human Serv's., 816 F.2d 1078, 1083 (6th Cir. 1984). If the impairment does not meet the severity requirements of a listing, then the Administrative Law Judge looks to the opinions of the state agency medical advisors and/or the opinion of a testifying medical expert for guidance on the issue of whether the medical findings are at least equal in severity and duration to the listing findings. 20 C.F.R. §§ 404.1526(a) and (b), 416.926(a) and (b); Social Security Ruling 96-5p; Deters v. Sec'y of Health, Educ. & Welfare, 789 F.2d 1181, 1186 (5th Cir. 1986). Since a finding that a claimant meets or equals a listing is dispositive of the case, the finding is reserved to the Administrative Law Judge. Social Security Ruling 96-5p.

Plaintiff has failed to identify specific listings and identify medical evidence in the record that demonstrates she satisfies both the diagnosis and severity requirements for the listing. However, the undersigned has reviewed the record and concludes that substantial evidence supports the ALJ's findings that the medical evidence does not satisfy both the diagnosis and severity requirements for listing 1.04 (Disorders of the Spine), the listings in Section 4.00 (Cardiovascular System), the listings in Section 9.00 (Endocrine Disorders), listing 11.14 (Central Nervous System Vascular Accident), listing 3.02 (Chronic Pulmonary Insufficiency), listing 12.04 (Affective Disorders), and listing 12.06 (Anxiety Related Disorders) (Tr. 13-15).

Next, Plaintiff disagrees with Finding No. 5 (DN 12, Fact and Law Summary and Memorandum at Page 2). This finding sets forth the ALJ's residual functional capacity assessment (Tr. 15-19).

The residual functional capacity finding is the Administrative Law Judge's ultimate determination of what a claimant can still do despite his or her physical and mental limitations. 20 C.F.R. §§ 404.1545(a), 404.1546, 416.945(a), 416.946. The residual functional capacity

finding is based on a consideration of medical source statements and all other evidence in the case record about what a claimant can do despite limitations caused by his or her physical and mental impairments. 20 C.F.R. §§ 404.1529, 404.1545(a), 404.1546, 416.929, 416.945(a), 416.946; Social Security Ruling 96-5p; Social Security Ruling 96-7p. Thus, in making the residual functional capacity finding the Administrative Law Judge must necessarily assign weight to the medical source statements in the record and consider the subjective allegations of the claimant and make credibility findings. 20 C.F.R. §§ 404.1527(c), 404.1529; Social Security Ruling 96-7p.

First, Plaintiff disagrees with the weight the ALJ assigned to the medical opinions of the non-examining psychological consultants, Edward Stodola, Ph.D. and Ed Ross, Ph.D. (DN 12, Memorandum at Pages 2-3). In relevant part the ALJ's decision reads as follows:

> The medical source statements completed by Edward Stodola, PhD and Ed Ross, PhD are given great weight (Exhibits B4A and B11A). Both consultants found the claimant to have only mild to moderate mental limitations (Exhibits B4A and B11A). The undersigned affords these opinions great weight, as they are consistent with the findings noted during the claimant's hospital stay that her condition improved when she was drug and alcohol free, and are consistent with the claimant's limited treatment notes due to her missing appointments (Exhibits B2F and B4F).

(Tr. 18-19). The undersigned has reviewed the record and concludes the above findings are supported by substantial evidence in the record. Moreover, the above findings comport with the applicable law. Gayheart v. Comm'r, 710 F.3d 365, 376 (6th Cir. 2013) (citing 20 C.F.R. § 404.1527(c)(2)); Atterbery v. Sec'y of Health & Human Servs., 871 F.2d 567, 570 (6th Cir. 1989) (Opinions of a non-examining State agency psychological adviser that are consistent with the evidence of record represent substantial evidence to support the Administrative Law Judge's findings).

9

Additionally, Plaintiff disagrees with the weight the ALJ assigned to the medical opinion rendered by consultative examiner Dr. Jeffery Fadel (DN 12, Memorandum at Page 2). In pertinent part, the ALJ's decision reads as follows:

> The consultative examination report completed by Dr. Jeffery Fadel did not give findings regarding what the claimant is capable of doing in a work setting based on her physical limitations (Exhibit B6F). Dr. Fadel noted that the claimant appears unemployable mostly due to her mental status, but this opinion is given little weight, as it is not Dr. Fadel's area of expertise and is inconsistent with other mental health findings (Exhibits B4A, B11A, B2F and B4F).

(Tr. 19). The undersigned has reviewed the record and concludes the above findings are supported by substantial evidence in the record. Moreover, the above findings comport with the applicable law. Gayheart, 710 F.3d at 376 (pursuant to 20 C.F.R. § 404.1527(c)(2), the Administrative Law Judge "weighs these opinions based on the examining relationship (or lack thereof), specialization, consistency, and supportability...").

Plaintiff also challenges the ALJ's credibility findings regarding her subjective complaints of pain and other symptoms (DN 12, Fact and Law Summary and Memorandum at Pages 2-3). A claimant's statement that she is experiencing pain or other symptoms will not, taken alone, establish that she is disabled; there must be medical signs and laboratory findings which show the existence of a medical impairment that could reasonably be expected to give rise to the pain and other symptoms alleged. 20 C.F.R. §§ 404.1529(a), 416.929(a). In determining whether a claimant suffers from debilitating pain and other symptoms, the two-part test set forth in Duncan v. Sec'y of Health & Human Servs., 801 F.2d 847, 853 (6th Cir. 1986), applies. First the Administrative Law Judge must examine whether there is objective medical evidence of an

underlying medical condition. Here, the ALJ concluded there is objective medical evidence with regard to several medical conditions (Tr. 12-19).

Next, the Administrative Law Judge must determine: "(1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such severity that it can reasonably be expected to produce the alleged disabling pain." Id. Here, the ALJ found the Plaintiff's medically determinable impairments were not of such severity that they could reasonably be expected to produce the alleged disabling pain and other symptoms (Tr. 16).

When, as in this case, the reported pain and other symptoms suggest impairments of far greater severity than could be shown by objective medical evidence, the Administrative Law Judge will consider other information and factors which may be relevant to the degree of pain and other symptoms alleged. 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). Here, the ALJ considered Plaintiff's level of daily activity as a factor in determining the extent to which her pain and other symptoms are of disabling severity (Tr. 15-19). 20 C.F.R. §§ 404.1529(c)(3)(i), 416.929(c)(3)(i); Bogle v. Sullivan, 998 F.2d 342, 348 (6th Cir. 1993); Blacha v. Sec'y of Health & Human Servs., 927 F.2d 228, 231 (6th Cir. 1990). The ALJ also considered whether there are any inconsistencies in the evidence and the extent to which there are any conflicts between her statements and the rest of the evidence in the record (Tr. 15-19). 20 C.F.R. §§ 404.1529(c)(4) and 416.929(c)(4). Another factor the ALJ considered is the medications Plaintiff used to alleviate the alleged pain and other symptoms (Tr. 15-19). 20 C.F.R. §§ 404.1529(c)(3)(iv), 416.929(c)(3)(iv).

The ALJ found from the medical evidence and Plaintiff's testimony that she does not suffer pain and other symptoms to the extent she testified (Tr. 15-19). In the absence of detailed

corroborating evidence of Plaintiff's subjective complaints, it becomes the duty of the ALJ to resolve the issue of Plaintiff's credibility. Since tolerance of pain is a highly individualized matter, and a determination of disability based on pain depends, of necessity, largely on the credibility of the claimant, the conclusion of the ALJ, who has the opportunity to observe the claimant's demeanor, "should not be discharged lightly." Houston v. Sec'y of Health & Human Servs., 736 F.2d 365, 367 (6th Cir. 1984) (citing Beavers v. Sec'y of Health, Educ. & Welfare, 577 F.2d 383 (6th Cir. 1978)). The undersigned concludes that the ALJ's findings regarding Plaintiff's credibility are supported by substantial evidence and fully comport with applicable law, including the regulations for evaluating consultative and treating physician's opinions and pain. See 20 C.F.R. §§ 404.1519a-p, 404.1527, 404.1529, 416.919a-p, 416.927, 4416.929.

Next, Plaintiff agrees with Finding No. 6 but points out that it does not list all of her former jobs (DN 12, Fact and Law Summary and Memorandum at Page 3). Some of the jobs Plaintiff refers to may not be in the administrative record because she failed to identify them in the Disability Report-Adult and Work History Report (Compare Tr. 231 and 254 with DN 12, Exhibit A). Additionally, some of the jobs may not have lasted long enough to be considered substantial gainful activity. 20 C.F.R. §§ 404.1560(b)(1), 416.960(b)(1).

Next, Plaintiff disagrees with Finding No. 8 (DN 12, Fact and Law Summary and Memorandum at Page 3). Plaintiff points out that she has more than a high school education because she has at least 14 years of education (DN 12, Fact and Law Summary and Memorandum at Page 3). The ALJ found that Plaintiff has "at least a high school education and is able to communicate in English (20 CFR 404.1564 and 416.964)" (Tr. 19). The ALJ's finding is supported by substantial evidence in the record and fully comports with the applicable regulations

that classify Plaintiff as someone with a high school education and above. 20 C.F.R. §§ 404.1564(b)(4), 416.964(b)(4).

Next, Plaintiff disagrees with Finding No. 10 (DN 12, Fact and Law Summary). Plaintiff asserts the vocational expert did not have all the facts because he did not consider her complaints about pain and other symptoms (Id.).

At the fifth step, the Commissioner has the burden of demonstrating there exist a significant number of jobs in the local, regional, and national economies that the claimant can perform, given his or her residual functional capacity, age, education, and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v) and (g), 416.920(a)(4)(v) and (g); Allen v. Califano, 613 F.2d 139, 145 (6th Cir. 1980); Wyatt v. Sec'y of Health & Human Servs., 974 F.2d 680, 684 (6th Cir. 1992); Moon v. Sullivan, 923 F.2d 1175, 1181 (6th Cir. 1990). Here, Plaintiff's residual functional capacity does not coincide with all the criteria of a particular Grid Rule because she suffered from non-exertional limitations. Therefore, the ALJ appropriately used the Grid Rule as a framework in the decision making process and made a non-guideline determination based on the testimony of a vocational expert (Tr. 19-20, 48-50). 20 C.F.R. §§ 404.1566(e), 416.966(e); Born v. Sec'y of Health & Human Servs., 923 F.2d 1168, 1174 (6th Cir. 1990); Varley v. Sec'y of Health & Human Servs., 820 F.2d 777, 779 (6th Cir. 1987); Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 531, 535 (6th Cir. 1981), cert. denied, 461 U.S. 957 (1983). The vocational expert's testimony constituted substantial evidence to support the ALJ's finding that a plaintiff is capable of performing a significant number of jobs existing in the local, regional, and national economies because the vocational expert's testimony is based on a hypothetical question that accurately portrays the plaintiff's physical and mental impairments (Tr. 48-50). Varley, 820

F.2d at 779; Bradford v. Sec'y, Dep't. of Health & Human Servs., 803 F.2d 871, 874 (6th Cir. 1986) (per curiam).

Finally, Plaintiff disagrees with Finding No. 11 (DN 12, Fact and Law Summary and Memorandum at Page 4).  Essentially, Plaintiff argues she is disabled.  The undersigned has reviewed the record and concludes that Finding No. 11 is supported by substantial evidence in the record and comports with applicable law.   In sum, the Commissioner's findings are supported by substantial evidence in the administrative record and they comport with applicable law.

## ORDER

**IT IS HEREBY ORDERED** that the final decision of the Commissioner is **AFFIRMED**.

This is a final and appealable Order and there is no just cause for delay.

Copies:	Deborah Jean Price, *pro se*

Counsel